**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT**
**STATE OF MISSOURI**

| | |
|---|---|
| **BERNARD FURR** )<br>　　　　　**Plaintiff,** )<br> )<br> )<br> )<br>　　　**vs.** )<br> )<br> )<br>**CITY OF HAZELWOOD, MISSOURI,** )<br>　Serve at:　　415 Elm Grove Ln. )<br>　　　　　　Hazelwood, MO 63042 )<br> )<br> )<br>**and** )<br> )<br> )<br>**BRENDAN GILBERT** )<br>in his official capacity as an officer of )<br>the Hazelwood Police Department )<br>and individually, )<br>　Serve at:　　415 Elm Grove Ln. )<br>　　　　　　Hazelwood, MO 63042 )<br> )<br> )<br>**and** )<br> )<br> )<br>**MATTHEW CURRY** )<br>in his official capacity as an officer of )<br>the Hazelwood Police Department )<br>and individually, )<br>　Serve at:　　415 Elm Grove Ln. )<br>　　　　　　Hazelwood, MO 63042 )<br> )<br> )<br>　　　　　**Defendants.** ) | **Cause No.** |

## COMPLAINT

COMES NOW, Plaintiff BERNARD FURR and for his cause of action against

Defendants City of Hazelwood, Missouri, Brendan Gilbert, and Matthew Curry, jointly

and severally, states as follows:

## PARTIES

1.　　Plaintiff is a resident and citizen of the City of St. Louis, State of

Missouri, and he brings this action pursuant to 42 USC § 1983 et. seq.

1

2.      Defendant City of Hazelwood is a political subdivision of the State of Missouri, situated within St. Louis County.  At all relevant times Brendan Gilbert and Matthew Curry were employed as police officers by the City of Hazelwood and acting on its behalf and with its authority.

3.      Defendants Brendan Gilbert ("Gilbert") and Matthew Curry ("Curry") are Missouri residents and at all relevant times were police officers with and agents of the City of Hazelwood, Missouri.

## JURISDICTION

4.      Plaintiff brings this action for damages arising from the violation of his civil rights pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985, which provide for this Court's jurisdiction under 28 U.S.C. §1331 and 28 U.S.C §1343.  Pursuant to Title 28 U.S.C. §§2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief found necessary and proper.

5.      Plaintiff hereby request supplemental jurisdiction of his state law claims pursuant to 28 U.S.C. §1367.

## PROCEDURAL BACKGROUND

6.      On or about December 1, 2016, Defendants Officer Gilbert and or Officer Curry presented an application to the St. Louis County Prosecuting Attorney for charges against Plaintiff on  two counts of Robbery 1st (Class B Felonies) resulting from events alleged to have occurred on November 17, 2016 at 7323 N. Lindbergh Blvd.

7.      Defendants Gilbert and/or Curry made representations to the prosecutor and the Circuit Court that they had probable cause to believe that Plaintiff committed

2

criminal offenses and that he "was identified as the person who attempted to rob two victims at a gas station."

8.      Based on the false representations of Defendants Gilbert and Curry, criminal charges were issued by the prosecutor and Plaintiff was incarcerated in St. Louis County for over 90 days with a $75,000 cash only bond.

9.      Charges against Plaintiff were ultimately dismissed but not until the second setting for preliminary hearing, when no witness presented themselves for the prosecution of this matter.

10.      Defendants Gilbert and Curry knew or could have easily learned that Plaintiff did not commit the crimes by simply verifying information provided by Plaintiff that he did not commit the crime and that he was in the hospital at the time of the alleged event.

11.      Defendants Gilbert and Curry knew or could have easily learned that Plaintiff did not commit the crimes by simply looking at the surveillance video of the perpetrator of the robbery.

12.      Ignoring a situation known to exist, Defendants Gilbert and Curry made representations to the prosecutor and the Circuit Court that resulted in Plaintiff being unlawfully incarcerated for more than 90 days.

13.      Plaintiff incarceration was obtained as a result of the corrupt activities of the Hazelwood Police Department in that:

a)      Gilbert and/or Curry, knew that the alleged victims provided a description of the suspect as a black male with a "full beard";

b)      Gilbert and/or Curry purposely provided a photograph line up to the victims with only one suspect with a "full beard," (the plaintiff) making the photo lineup identification, extremely suggestive;

c)      Gilbert and/or Curry knew that the Plaintiff verbalized his innocence and explained that he was only in Hazelwood to work;

d)      Gilbert and/or Curry gave the statements of plaintiff little or no consideration;

e)      Gilbert and/or Curry did no investigation of plaintiff's claim of employment;

f)      Gilbert and/or Curry were advised by plaintiff that he was in the hospital on the day of the alleged robbery;

g)      Gilbert and/or Curry made no effort to verify plaintiff's alibi;

h)      Gilbert and/or Curry had video surveillance of the perpetrator, who is clearly someone other than the plaintiff;

i)      Gilbert and/or Curry knew that the Phillip 66 clerk Michele Tumlin was familiar with the perpetrator, in fact she provided a detail description;

j)      Michelle Tumlin was never asked to identify the plaintiff;

k)      Notwithstanding the overwhelming evidence of the plaintiff's innocence, Defendants Gilbert and Curry sought charges.

**ALLEGATIONS COMMON TO ALL COUNTS**

14.      This is a civil action seeking damages against defendants City of Hazelwood, Missouri, Brendan Gilbert and Matthew Curry in their personal and official capacity.  Plaintiff seeks damages for Defendants' actions, under the color of state law,

4

which deprived Bernard Furr of rights secured to him under the Constitution of the United States of America and the laws of the United States, including the right not to be deprived of his liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

15.     Due to the violation of Plaintiff's civil rights by Defendants, Plaintiff spent over three months in St. Louis County Jail for a crime he did not commit.

16.     Each and all of the acts of Defendants Gilbert and Curry, as well as the acts of other police officers, agents and employees of the Hazelwood Police Department, including officers of the Department whose identity is currently unknown to Plaintiff, were made under the color and pretense of the statutes of the State of Missouri and the regulations, practices, customs, policies and usages of the City of Hazelwood, Missouri Police Department.

**<u>Corruption of Officers Brendan Gilbert and Matthew Curry</u>**

17.     Plaintiff was incarcerated based on the actions of Gilbert and Curry, who arrested Plaintiff for a crime they knew he had not committed and further provided false and/or incomplete information to the state prosecutors regarding the alleged events of November 17, 2016.

18.     On information and belief, prior to the arrest of Plaintiff, a widespread and ongoing bias against African-American males existed with certain segments of the Hazelwood Police Department.

19.     The purpose of this conspiracy was to plan, organize and carry out corrupt activities, including: framing individuals for crimes; suppressing exculpatory evidence; and accusing individuals of crimes they did not commit.

5

20.     On further information and belief, Defendants Gilbert and Curry were the central players in and the moving force behind the ongoing conspiracy to commit illegal acts and violate the constitutional rights of individuals such as Plaintiff.

21.     The wrongful and illegal investigation and prosecution targeting Plaintiff was a direct result of this bias against African-American males, ongoing police corruption, and was planned, directed and carried out by Defendants Gilbert, Curry and other unknown officers of the Hazelwood Police Department.

## COUNT I

### §1983 CLAIM FOR VIOLATION OF CIVIL RIGHTS BY BRENDAN GILBERT AND MATTHEW CURRY IN THEIR OFFICIAL AND PERSONAL CAPACITY

COMES NOW Plaintiff Bernard Furr, and for his cause of action against Defendant Brendan Gilbert and Matthew Curry, in their official and personal capacity, states as follows:

22.     Plaintiff incorporates paragraphs 1 through 21 set forth above in this Complaint the same as if fully set forth herein.

23.     Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132, 114 S.Ct 2068, 129 L.Ed2d 93 (1994)

24.     On information and belief, Defendants Gilbert and Curry, under the color of state law, violated Plaintiff's civil rights and deprived him of rights, privileges, and/or immunities secured by the Constitution and laws of the United States, as set for and inter alia, by the following acts:

6

a)      Gilbert and Curry's false and/ or incomplete statements in the probable statement to state prosecutors;

b)      Failing to verify plaintiff's alibi;

c)      Failing to properly investigate;

d)      Providing false information to state prosecutors in order to wrongfully; illegally and unconstitutionally deprive Plaintiff of his freedom;

e)      Framing Plaintiff for a crime he did not commit and obtaining a criminal charge;

f)      Allowing Plaintiff to languish in jail for over three months, despite Defendant's knowledge that Plaintiff did not commit the crime alleged;

g)      Failing to properly provide a photo lineup; and

h)      Failing to verify the identification by review the video surveillance.

25.     As a direct result of Defendants Gilbert and Curry unlawful and unconstitutional acts, performed under color of state law, Plaintiff was damaged by being framed from a crime he did not commit and incarcerated without due process of law in violation of his constitutional rights including his due process rights, and other rights preserved under the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States of America, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and other applicable laws.

26.     The acts of Brendan Gilbert and Matthew Curry as set forth above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of plaintiff, thus entitling plaintiff to an award of punitive damages against Defendants Gilbert and Curry in order to punish and to deter them and others similarly situated from like conduct in the future.

27.    Plaintiff seeks an award of attorney's fees and cost pursuant to 42 U.S.C. §

1983.

WHEREFORE,    Plaintiff Bernard Furr prays judgment against Defendants

Brendan Gilbert and Matthew Curry for compensatory damages in an amount which is

fair and reasonable, in their personal and official capacities, for punitive damages in order

to punish Defendants Gilbert and Curry and to deter him and others similarly situated

from like conduct in the future, and for the costs of this action, his attorney's fees, and for

such other and further relief as the Court deems proper under the circumstances.

### COUNT II

### PLAINTIFF'S CAUSE OF ACTION AGAINST THE CITY OF HAZELWOOD, MISSOURI THROUGH ITS POLICY, CUSTOMS AND PRACTICE OF RELIEANCE ON MANUFACTURED EVIDENCE COGNIZABLE UNDER 42 U.S.C. § 1983

COMES NOW Plaintiff Bernard Furr, and for his cause of action against

Defendant City of Hazelwood, Missouri, states as follows:

28.    Plaintiff incorporates paragraphs 1 through 27 set forth above in this

Complaint the same as if fully set forth herein.

29.    Defendant City of Hazelwood, Missouri  is vested with the authority to

establish policies or customs, practices and usages of the Hazelwood Police Department.

There exist with the Hazelwood Police Department policies or customs, practices and

usages that are so pervasive that they constitute the policies of the department, such that

they are and where the moving force behind and thereby caused the constitutional

deprivations of the Plaintiff as have been set forth herein.

8

30.     Namely, prior to the arrest of plaintiff, and continuing thereafter, customs, practices and usages existed within the Hazelwood Police Department of officers employing false testimony to obtain arrest warrants, in police reports, providing false information to prosecutors, and by planting evidence, suppressing exculpatory evidence, and in otherwise manufacturing evidence in order to ensure arrest warrant, charges, and conviction of suspects regardless of their guilt or innocence, particularly with regard to African-American males.

31.     This pervasive practice of corrupt activities and reliance on manufactured evidence resulted in the widespread deprivation of due process rights afforded to Plaintiff and other under the Fifth and Fourteenth Amendments.

32.     The use of manufactured evidence or incredible evidence constituted misconduct so pervasive among the officers of the Department as to constitute a custom or usage with the force of law.

33.     In the alternative, the misconduct was so widespread that the ignorance of the City of Hazelwood and any other policy-making officials of the Department constituted willfully turning a 'blind eye" to the ongoing deprivation of citizens' rights, such that Defendants were charged with knowledge of said customs, practices and usages within the Department.

34.     As a direct result of Defendants unlawful and unconstitutional acts, performed under color of state law, Plaintiff was damaged by being framed for a crime he did not commit and incarcerated without due process of law in violation of his constitutional rights, including his rights preserved under   the Fourth, Fifth and

Fourteenth Amendments to the Constitution of the United States of America, 42 U.S.C §
1983, 42 U.S.C. § 1985, and other applicable laws.

35.    The acts of the City of Hazelwood, Missouri as set forth above were
intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to
the federally protected rights of plaintiff, thus entitling plaintiff to an award of punitive
damages against Defendants in order to punish and to deter them and others similarly
situated from like conduct in the future.

36.    Plaintiff also seeks an award of attorney's fees and costs pursuant to 42
U.S.C. § 1983.

WHEREFORE,  Plaintiff Bernard Furr prays judgment against Defendant City of
Hazelwood, Missouri for compensatory damages in an amount which is fair and
reasonable, for punitive damages in order to punish City of Hazelwood, Missouri and to
deter him and others similarly situated from like conduct in the future, and for the costs
of this action, his attorney's fees, and for such other and further relief as the Court deems
proper under the circumstances.

## COUNT III

**PLAINTIFF'S CAUSE OF ACTION FOR FAILURE TO TRAIN, SUPERVISE,
CONTROL, INSTRUCT OR DISCIPLINE AGAINST DEFENDANT CITY OF
HAZELWOOD COGNIZABLE UNDER 42 U.S.C. § 1983**

COMES NOW Plaintiff Bernard Furr, and for his cause of action against
Defendant City of Hazelwood, Missouri, states as follows:

37.    Plaintiff incorporates paragraphs 1 through 36 set forth above in this
Complaint the same as if fully set forth herein.

38.     Defendant City of Hazelwood, Missouri has exclusive management and control of the policies and practices of the Hazelwood Police Department, including with regard to (1) officers properly preparing and providing accurate and truthful information in police reports and affidavits; (2) officers providing accurate and truthful information to prosecutors; (3) preventing illegal and corrupt practices by officers; (4) not framing suspects for crimes they did not commit; and (5) in otherwise insuring that members of the Hazelwood Police Department conduct themselves in a lawful manner in undertaking and performing their duties.  Defendant City of Hazelwood, Missouri is vested with the authority to establish policies and customs, practices and usages of the Hazelwood Police Department through training, supervision, discipline and otherwise controlling the officers of the Hazelwood Police Department.

39.     Defendant City of Hazelwood, Missouri violated the Plaintiff's rights by custom and practice of failing to train, instruct, supervise, control and discipline the police officers of Hazelwood Police Department in  (1) officers properly preparing and providing accurate and truthful information in police reports and affidavits; (2) officers providing accurate and truthful information to prosecutors; (3) preventing illegal and corrupt practices by officers; (4) not framing suspects for crimes they did not commit; and (5) in otherwise insuring that members of the Hazelwood Police Department conduct themselves in a lawful manner in undertaking and performing their duties.  Said customs, practices and usages caused the deprivation of plaintiff's rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, other laws of the United States, and the laws of the State of Missouri.

40.     The Hazelwood Police Department's policies or customs, practices and usages of failing to train, instruct, supervise, control and discipline the police officers of the Department, despite indications of systemic ongoing bias, and ongoing corrupt and illegal activities by the Department's officers, are so pervasive that they constitute the policies of the department, such that they are and where the moving force behind and thereby caused the constitutional deprivations of the Plaintiff as have been set forth herein.

41.     The failure to train, discipline or supervise defendant Officers Brenan, Curry and others at the Hazelwood Police Department has resulted in members of the police department violating civil rights as a matter of custom in violation of clearly established law.  Defendants' failure to train, supervise or discipline its officers is not objectively reasonable.

42.     As a result of the City Hazelwood's failure to train, discipline or supervise the officers of the department they deprived Plaintiff of his right to be free and not to be wrongfully, illegally and unconstitutionally imprisoned in violation of the Fourth, Fifth and Fourteenth Amendments and other provisions of the Constitution of the United States, remediable under 42 U.S.C. § 1983.

43.     The acts of the City of Hazelwood, Missouri as set forth above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of plaintiff, thus entitling plaintiff to an award of punitive damages against Defendants in order to punish and to deter them and others similarly situated from like conduct in the future.

WHEREFORE,  Plaintiff Bernard Furr prays judgment against Defendant City of Hazelwood, Missouri for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish City of Hazelwood, Missouri and to deter him and others similarly situated from like conduct in the future, and for the costs of this action, his attorney's fees, and for such other and further relief as the Court deems proper under the circumstances.

### COUNT IV

### PLAINTIFF'S CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER MISSOURI LAW AGAINST ALL DEFENDANTS

COMES NOW Plaintiff Bernard Furr, and for his cause of action against all Defendants, states as follows:

44.     Plaintiff incorporates paragraphs 1 through 43 set forth above in this Complaint the same as if fully set forth herein.

45.     Defendants Brenan and Curry instigated the prosecution of Plaintiff in the underlying proceedings without probable cause in law or fact to do so.  As set forth above, Defendants Brenan and Curry provided the information and evidence on which the prosecution's decision to charge was based.  Without the manufactured evidence and false information provided by Brenan and Curry, Plaintiff would never have been charged with the crime,  and incarcerated more than 90 days.

46.     Because the information and evidence provided to the prosecutors was false, Defendants lacked such facts and circumstances as to warrant a prudent person having the honest belief that the actions and the means taken in the criminal prosecution against Plaintiff were just, legal, and proper.

13

47.     The facts known to Defendants (including pertinent facts that could have been ascertained by Defendants through the exercise of due diligence prior to instituting the judicial proceeding against Plaintiff) did not support any allegation that Plaintiff had attempted to commit a robbery through a threat of a weapon.

48.     The underlying litigation terminated in Plaintiff's favor when the Court dismissed the case for failure to prosecutor, when the alleged victims failed to appear on two separate occasion when the case was set for preliminary hearing.

49.     In instigating, commencing and continuing the judicial proceeding against Plaintiff described above, Defendants Brenan and Curry acted maliciously.  Defendants intentionally engaged in wrongful acts and conduct without just cause or excuse in pursuing and taking affirmative steps to have Plaintiff wrongfully convicted, without probable cause to do so and for improper purposes.

50.     At all relevant times, Defendants Brenan and Curry was acting within the course and scope of his employment and agency relationship with the City of Hazelwood Police Department, and acted as the employee, servant and agent of said Department and its representatives, Defendant City of Hazelwood when he maliciously prosecuted Plaintiff.

51.     As a result of Defendants' malicious prosecution of Plaintiff, Plaintiff was damaged, as set forth herein including being wrongfully imprisoned for over 90 days.

52.     Defendants' malicious prosecution, as set forth above, was carried out intentionally, with evil motive and/or with reckless indifference and conscious disregard to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount

sufficient to punish and to deter them and others similarly situated from like conduct in the future.

WHEREFORE,   Plaintiff Bernard Furr prays judgment against Defendants for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish City of Hazelwood, Missouri and to deter him and others similarly situated from like conduct in the future, and for the costs of this action, his attorney's fees, and for such other and further relief as the Court deems proper under the circumstances.

## COUNT V

## PLAINTIFF'S CAUSE OF ACTION FOR WRONGFUL IMPRISONMENT UNDER MISSOURI LAW AGAINST ALL DEFENDANTS

COMES NOW Plaintiff Bernard Furr, and for his cause of action against all Defendants, states as follows:

53.     Plaintiff incorporates paragraphs 1 through 52 set forth above in this Complaint the same as if fully set forth herein.

54.     As a result of Defendants Brenan and Curry wrongful acts, as well as the acts of officers of the Department currently unknown to Plaintiff, Plaintiff was restrained against his will when he was arrested and then subsequently imprisoned for more than 90 days.

55.     The restraint was unlawful in that Defendants Brenan and Curry knew or could have easily verified that Plaintiff had not committed the crime of Robbery.

56.     Defendants Brenan and Curry provided false and misleading information to other officers and prosecutors to secure a felony charge and detention of the Plaintiff.

15

57.     Defendants intended to cause this false imprisonment and wrongful confinement.

58.     At all relevant times, Defendants Brenan and Curry were acting within the course and scope of his employment and agency relationship with the City of Hazelwood Police Department, and acted as the employee, servant and agent of said Department and its representatives, Defendant City of Hazelwood when he wrongfully imprisoned Plaintiff.

59.     As a result of Defendants' wrongful imprisonment of Plaintiff, Plaintiff was damaged, as set forth herein including being wrongfully imprisoned for over 90 days.

60.     Defendants' wrongful imprisonment, as set forth above, was carried out intentionally, with evil motive and/or with reckless indifference and conscious disregard to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish and to deter them and others similarly situated from like conduct in the future.

WHEREFORE,  Plaintiff Bernard Furr prays judgment against Defendants for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish City of Hazelwood, Missouri and to deter him and others similarly situated from like conduct in the future, and for the costs of this action, his attorney's fees, and for such other and further relief as the Court deems proper under the circumstances.

## COUNT VI

### PLAINTIFF'S CAUSE OF ACTION FOR ABUSE OF PROCESS UNDER MISSOURI LAW AGAINST ALL DEFENDANTS

COMES NOW Plaintiff Bernard Furr, and for his cause of action against all Defendants, states as follows:

61.     Plaintiff incorporates paragraphs 1 through 60 set forth above in this Complaint the same as if fully set forth herein.

62.     Defendants Brenan and Curry acts in falsely implicating Plaintiff in criminal activity as set forth above constituted an improper use of process that was neither warranted nor authorized by the process.  Among other things, as described above, Brenan abused legal process by preparing a fraudulent sworn statement in support of a complaint for felony charges of Robbery 1st (2 counts) and by providing false or misleading information to the state prosecutor.

63.     Defendants abused legal process for an unlawful purpose and with an illegitimate and collateral objective, and have acted willfully and with an ulterior motive in their use of legal process, in that Defendants used legal process through their authority as police officers to frame Plaintiff for a crime he did not commit, rather than for legitimately investigating and prosecuting criminal acts.

64.     At all relevant times, Defendants Brenan and Curry was acting within the course and scope of his employment and agency relationship with the City of Hazelwood Police Department, and acted as the employee, servant and agent of said Department and its representatives, Defendant City of Hazelwood when he wrongfully imprisoned Plaintiff.

65.     As a result of Defendants' abuse of process, Plaintiff was damaged, as set forth herein including being wrongfully imprisoned for over 90 days.

66.     Defendants' abuse of process, as set forth above, was carried out intentionally, with evil motive and/or with reckless indifference and conscious disregard to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish and to deter them and others similarly situated from like conduct in the future.

WHEREFORE,  Plaintiff Bernard Furr prays judgment against Defendants for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish City of Hazelwood, Missouri and to deter him and others similarly situated from like conduct in the future, and for the costs of this action, his attorney's fees, and for such other and further relief as the Court deems proper under the circumstances.

Respectfully submitted,

**SMITH AND ASSOCIATES, LLC**

   /s/ Donnell Smith
Donnell Smith  MO#44510
6101 Delmar Boulevard, Suite A
St. Louis, MO  63112
(314) 361-2500 Phone
(314) 361-2525 Fax
*Attorney for Plaintiff*
***donnell.smith@smithlawpractice.com***

18